McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
(973) 622-7711
Attorneys for Defendants,
Ortho Biotech, Inc, and
Johnson & Johnson

KARPF, KARPF & VIRANT, P.C.
3070 Bristol Pike
Building 2, Suite 231
Bensalem, PA 19020
Attorneys for Plaintiff,
Shahram Meshkin



| | |
|---|---|
| SHAHRAM MESHKIN, | Civ. Action No. 07-05199 (GEB) |
| Plaintiff, | |
| vs. | |
| ORTHO BIOTECH, L.P., and JOHNSON & JOHNSON, | **CONSENT PROTECTIVE ORDER** |
| Defendants. | |

This matter having been opened to the Court by Karpf, Karpf & Virant, P.C., attorneys for Plaintiff, and McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for Defendants, and the Court having found that the parties to this litigation have been or may be requested in the course of discovery or other proceedings to produce or disclose documents, materials or information that they consider confidential and for good cause appearing;

IT IS on this __19__ day of __February__, 2009 ORDERED that

1. No information or documents designated "CONFIDENTIAL" hereunder, or substantial summaries or extracts thereof, or information contained therein ("Confidential Information") shall be disclosed to any person or used by any person except as hereafter provided No such documents shall be photocopied or reproduced in any manner except as provided in paragraph 7, nor shall such information, nor the contents of any such documents, be disclosed except to persons authorized under paragraph 4. All documents designated "CONFIDENTIAL," all copies thereof, and all documents which quote or summarize Confidential Information, other than documents filed with the Court, shall be returned to the party producing such documents, or destroyed in accordance with the instructions of the party producing such documents, not later than 30 days from the date of final disposition of this action, including any appeals. The party returning the documents may request that the other party maintain copies of some or all of the returned documents for the required retention period of six years and such request shall be honored. Each counsel shall provide a certification that all Confidential Information, and any and all copies or summaries thereof, were collected from all persons who received them and were returned to counsel for the party producing such documents and information. Confidentiality hereunder is to be maintained both during and after the final disposition of this action. No person to whom Confidential Information has been disclosed shall use such information or documents except in connection with the prosecution or defense of this litigation.

2. Each party that produces documents or information considered by that party to be confidential shall place the word "CONFIDENTIAL" upon each such document in a readily visible manner or advise counsel that information or documents produced are confidential.

Where only a portion of confidential documents needs to be restricted, counsel for the party claiming confidentiality will, on request, cooperate in excising the confidential part of the document and releasing the remainder of the document from the restrictions contained herein.

3. If a party challenges the designation of "CONFIDENTIAL" as to any information or document or category of documents produced by the other party, then the party objecting to the marking of confidentiality shall notify the other party in writing of the documents or information challenged and the basis for the challenge. Within five days of receipt of the challenge, (Pursuant to Loc CR 5.3(C)) the party claiming confidentiality may move before the Court for an appropriate Order to maintain the confidentiality of the documents and/or information pursuant to the restrictions provided for in this Order. If the party asserting confidentiality so moves, the documents and/or information at issue shall remain confidential while the motion is pending. All parties shall refrain from designating documents or information as confidential where there is no palpable basis for such a designation (for example, portions of briefs containing legal argument without reference to confidential factual information).

4. Disclosure of a document or information designated "CONFIDENTIAL" may be made only to the following persons:

    (a) Plaintiff, defendants, counsel for the parties and employees of such counsel;

    (b) Such directors, officers, representatives or employees of a party or its assignors, to whom disclosure is deemed by the party's counsel to be necessary for the prosecution or defense of this action;

    (c) Experts or proposed experts employed by counsel for a party;

  (d) The persons who were the authors or addressees of the documents, or who saw or received a copy prior to this litigation; and

  (e) Any Court before which the present action is pending, provided that any such document or information filed with the Court shall be sealed, subject to release only by order of the Court or by agreement of counsel for the producing party. The party submitting the Confidential Information to the Court shall do so in a closed envelope with the following legend, "Confidential pursuant to the order of the Court. The contents herein may be disclosed only to Counsel of Record and the Court."

5. Regardless of the designation of "CONFIDENTIAL" pursuant to this Order, if a document of any party makes reference to the conduct or affairs of a potential witness, counsel may discuss such conduct or affairs with the witness, provided that counsel does not reveal the contents of the document, the identity of its author or its source. Such disclosure shall not constitute disclosure within the terms of paragraph 6 hereof.

6. Prior to any disclosure by counsel pursuant to subparagraph 4(c) hereof, the person to whom the document or information is to be disclosed must sign an Acknowledgment in the form set forth below as Exhibit A, by which he or she consents to be bound by the terms of this Consent Protective Order and agrees to be subject to the continuing jurisdiction of this Court for the enforcement of this Consent Protective Order.

7. Nothing contained herein shall be construed to prejudice any party's right to use any document or information for purposes of further discovery. Counsel may make and use a photocopy of a document designated "CONFIDENTIAL" if such copy (a) is retained in counsel's

or co-counsel's office and is made for counsel's internal use only, or (b) is to be used for purposes of disclosure pursuant to paragraph 4 hereof, provided that all such copies are returned to producing counsel within the time provided in paragraph 1 herein, or (c) is to be identified in a deposition or used as a deposition exhibit. Whenever Confidential Information is discussed in a deposition, counsel for the party that disclosed the information or produced the document may, at the time of the deposition or within 15 days following receipt of a copy of the transcript from the reporter, designate by page and line those portions of the transcript as "CONFIDENTIAL." Within said 15 days, the information and transcript shall be treated as confidential. Thereafter, disclosure of that part of the transcript designated "CONFIDENTIAL" shall be restricted to the witness, to counsel, to the Court and to other persons authorized by this Consent Protective Order. Deposition exhibits and the transcript of testimony regarding the same which have been designated "CONFIDENTIAL" shall, upon an appropriate Order, be filed under seal when filed and be subject to the provisions of this Order.

8. The parties stipulate and agree that the disclosure of Confidential Information in discovery and filed with the Court shall not constitute a waiver or diminution of any privileges held by the party producing such Confidential Information pertaining to other documents and/or communications which have not been disclosed.

9. The terms of this Consent Protective Order, precluding the dissemination, disclosure, copying and return of Confidential Information, shall continue to be binding after the conclusion of this action. The Court shall retain continuing jurisdiction to enforce the terms of this Consent Protective Order. The parties and all persons who received Confidential Information

with knowledge of this Order consent to the jurisdiction of the Court for the enforcement of the terms herein.

10). Any party breaching this Order is subject to sanctions and reasonable counsel fees in the discretion of the Court.

11. The signatures of counsel below signify the consent of the respective parties to the form and entry of this Consent Protective Order and their agreement to be bound by the terms herein.

HON. TONIANNE J. BONGIOVANNI, U.S.M.J.

Plaintiff Shahram Meshkin, by his undersigned counsel, consents to the form and entry of this Consent Protective Order and agrees to be bound by its terms.

Karpf, Karpf & Virant, P.C.
Attorneys for Plaintiff, Shahram Meshkin

By: _____
Justin L. Swidler, Esq.

Dated: 2/18/09

Defendants, Ortho Biotech, Inc. (incorrectly designated in the Complaint as "Ortho Biotech, L.P.") and Johnson & Johnson, by their undersigned counsel, consent to the form and entry of this Consent Protective Order and agree to be bound by its terms.

McElroy, Deutsch, Mulvaney & Carpenter, LLP
Attorneys for Defendants

By: _Francis X Dee_
Francis X. Dee, Esq.
A Member of the Firm

Dated: 2/19/09

### (EXHIBIT A)

### ACKNOWLEDGMENT

I hereby acknowledge that I have read the Consent Protective Order entered in the litigation entitled SHAHRAM MESHKIN v. ORTHO BIOTECH, L.P., and JOHNSON & JOHNSON., pending in the United States District Court, District of New Jersey, which restricts the use and dissemination of certain CONFIDENTIAL documents and information being produced in the litigation. I understand that by signing this Acknowledgment, I agree to abide by the terms of the Consent Protective Order and maintain any CONFIDENTIAL documents and information given or shown to me in accordance with the Consent Protective Order and to return them (including any copies) at the conclusion of the litigation I also consent to the continuing jurisdiction of the Superior Court of the State of New Jersey over my person to enforce its terms.

Signature: _____    Date: _____

Print Name: _____

Address: _____

Employer: _____